# EXHIBIT B

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California    91356
Telephone: (818) 609-0807
Facsimile:  (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, TASHAVEA WALKER, individually
and on behalf of other individuals similarly situated

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| TASHAVEA WALKER individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT BUSINESS SERVICES, INC., a Maryland corporation; PERFORMANCE TEAM HOLDINGS INC., a California corporation; and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO. 20STCV21241<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay All Wages;**<br>2. **Short Meal Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512;**<br>3. **Short Rest Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512;**<br>4. **Failure to Furnish an Accurate Itemized Wage Statement upon Payment of Wages in Violation of California *Labor Code* §226;**<br>5. **Failure to Pay All Wages Owed at Termination in Violation of California *Labor Code* §203;**<br>6. **Failure to Adopt Standards that Minimize Excessive Indoor Heat in Violation of California *Labor Code* §§ 6720, 226.7;**<br>7. **Failure to Reimburse Expenses in Violation of California *Labor Code* §2802;**<br>8. **Violations of California *Business & Professions Code* §§ 17200, *et seq.;* and**<br>9. **Penalties Pursuant to *Labor Code* § 2699, *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff TASHAVEA WALKER (hereinafter referred to as "Plaintiff"), hereby submits her First Amended Class Action Complaint against Defendants BARRETT BUSINESS SERVICES, INC., a Maryland corporation; PERFORMANCE TEAM HOLDINGS INC., a California corporation; and Does 1-100 (hereinafter referred to as "Defendants") on behalf of herself and the class of all other similarly situated current and former employees of Defendants as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.      This class action is within the Court's jurisdiction under California *Labor Code* and California *Business and Professions Code* § 17200, et seq., (Unfair Practices Act).

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, and California *Business and Professions Code* against employees of Defendants.

3.      Plaintiff seeks relief on behalf of herself and the members of the Plaintiff Class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the Plaintiff Class all wages due to them.  Said employment policies, practices and procedures are generally described as follows:

a.   Defendants subjected Plaintiff and members of the Plaintiff Class to security checks at the beginning of shifts, at meal breaks and at the end of work shifts without proper compensation;

b.   Failure to provide proper meal and rest periods to Plaintiff and members of the Plaintiff Class;

c.   Failure to adopt standards that minimize excessive indoor heat in violation of California *Labor Code* §§ 6720, 226.7;

d.   Failure to provide accurate itemized wage statements;

e.   Failure to timely pay all wages due to Plaintiff and members of the Plaintiff Class upon termination or within 72 hours of resignation; and

2

Exhibit B, Page 047

f.   Failure to reimburse Plaintiff and members of the Plaintiff Class for all expenses.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.     The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

6.     This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendants BARRETT BUSINESS SERVICES, INC., a Maryland corporation; PERFORMANCE TEAM HOLDINGS INC., a California corporation who hold or held the job positions which Defendants classified as "non-exempt" at any of Defendants' facilities in California and throughout the United States.

7.     This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "*Labor Code*,") and the California *Business & Professions Code* and is brought by Plaintiff on her own behalf and on behalf of the members of the Plaintiff Class.

8.     The California Plaintiff "Class Period" is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

9.     The actions of Defendants are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

10.     The policies, practices and customs of Defendants described above and herein have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that

3

FIRST AMENDED CLASS ACTION COMPLAINT

routinely adhere to the requirements of the California *Labor Code* and of the *Business & Professions Code.*

## JURISDICTION AND VENUE

11.     On information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avails themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

12.     Venue is proper in Los Angeles County because the acts which give rise to this litigation occurred in this county and Defendants does business in Los Angeles County.

## THE PARTIES

13.     Plaintiff TASHAVEA WALKER ("Plaintiff") is a resident of Los Angeles County, in the State of California.  Plaintiff was employed by Defendants, BARRETT BUSINESS SERVICES, INC., a Maryland corporation; PERFORMANCE TEAM HOLDINGS INC., a California corporation from approximately 2017 through August 25, 2019.

14.     BARRETT BUSINESS SERVICES, INC., is a Maryland corporation conducting business in California

15.     PERFORMANCE TEAM HOLDINGS INC., is a California corporation conducting business in California.

16.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

17.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to

4

Exhibit B, Page 049

the illegal employment practices, wrongs and injuries complained of herein.

18.     At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

22.     The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## **FACTUAL ALLEGATIONS**

23.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

5

24.     Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlines above.

25.     Defendants' utilization of such unfair business practices deprives Plaintiff and other aggrieved employees of the general minimum working standards and entitlements due to them under California law and the Industrial Welfare Commission wage orders as described herein.

26.     Plaintiff and all other aggrieved employees were and are classified by Defendants as non-exempt employees, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  As non-exempt employees, Plaintiff and all other aggrieved employees are entitled to certain benefits, including mandated meal and rest breaks.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

27.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Defendants' Failure to Pay for All Hours Worked***

28.     Defendants did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work. This includes the time spent "off the clock" for security checks.

29.     Defendants, at all times relevant herein, failed to compensate for all actual hours worked by non-exempt employees. As a result, Defendants have failed and refused to compensate Plaintiff and members of the Plaintiff Class all wages due to them for actual hours worked.

***Security Checks***

30.     Pursuant to a uniform policy originated by Defendants, all hourly employees are

6

subject to a security check upon arriving for a shift, before leaving for their meal break, and at the end of their shift after they had already clocked out. Hourly employees were and are required to wait in line and be searched for potential or possible items or merchandise taken without permission and/or other contraband.  Thus, at the discretion and control of the Defendants and solely for their benefit, Plaintiff and other members of the Plaintiff Class were and are required to leave their work station and walk to the security check, approximately a three-minute wait. This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband and/or pilferage of inventory. Because such screening is designed to prevent and deter employee theft, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work and done solely for Defendants' benefit.

31.     A large number of hourly employees arrive for their shift and/or leave for meal breaks and/or at finish their shift at the same time. This creates lengthy lines and backups for employees authorized to conduct security screenings who are often times engaged in other job-related duties. As a result, employees are forced to wait in these lines and undergo lengthy off-the-clock security screenings before they are allowed to leave the premises and upon the beginning of a shift. This work, done solely for the employer's benefit, is time which employees should be, but are not, compensated for both straight hours and overtime hours worked in excess of 40 in a week or, in California, in excess of 8 in a day.

32.     Specifically, Plaintiff alleges that the wait in the security line is approximately three (3) minutes and there are approximately six (6) to seven (7) other employees in line ahead of Plaintiff.

33.     Supervisors employed by Defendants had knowledge of and required Plaintiff to undergo these uncompensated security screenings in accordance with Defendants' corporate policy. Supervisors required and enforced the corporately derived and mandated security checks and requested that Plaintiff perform these integral and indispensable duties without proper wages or overtime compensation.

***Defendants' Failure to Provide Compliant Meal Breaks***

34.     As detailed above under "Security Checks," Plaintiff alleges that meal breaks were short as a result of the security checks thereby depriving Plaintiff and members of the Plaintiff Class

7

FIRST AMENDED CLASS ACTION COMPLAINT

of the full meal break as required. Plaintiff alleges that if she or other Class Members did not leave the premises, they would have to walk to the break room which was approximately a five (5) minute walk each way. Therefore, Plaintiff and other members of the Plaintiff Class did not receive a thirty (30) minute meal break.

35.     Plaintiff alleges that throughout the Relevant Time Period, Defendants regularly:

a.  Failed to provide Plaintiff and the members of the Plaintiff Class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b.  Failed to provide Plaintiff and the members of the Plaintiff Class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

c.  Failed to pay Plaintiff and the members of the Plaintiff Class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

d.  Failed to accurately record all meal periods.

***Defendants' Failure to Provide Compliant Rest Breaks***

36.     At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

37.     At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendants failed to provide proper rest periods.

39.     Plaintiff alleges the walk time to break rooms was lengthy. Specifically, the break room was a five (5) minute walk each way. Defendants provided a fifteen (15) minute rest break, however,

8

ten (10) of these minutes were spent walking to the break room, thus, depriving Plaintiff and Class members of their entitled rest periods.

40.     Throughout the Relevant Time Period, Plaintiff and the members of the Plaintiff Class were routinely denied the rest breaks they were entitled to under California law.

41.     Specifically, throughout the Relevant Time Period, Defendants regularly:

e.   Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

f.   Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Defendants' Failure to Pay All Wages Due at Termination of Employment**

42.     At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

43.     Defendants willfully and knowingly failed to pay Plaintiff and other members of the Plaintiff Class, upon termination of employment, all accrued compensation.

44.     Specifically, Plaintiff and members of the Plaintiff Class were entitled to premiums for improper meal and rest breaks, and were and are entitled to all pay for time spent "off-the-clock."

**Defendants' Failure to Provide Accurate Wage Statements**

45.     Defendants failed to comply with California *Labor Code* Section 226(a) because the hours worked, and meal and rest breaks were incorrect.

///

9

*Defendants' Failure to Minimize Excessive Indoor Heat*

46.     Defendants failed to comply with California *Labor Code* §§ 6720, 226.7 and the applicable Wage Order section 15 because they provided employees with an excessively hot indoor working environment. Defendants failed to implement indoor heat- related standards and increased employees' risk of heat illnesses. Plaintiff and members of the Plaintiff Class had limited areas to get relief from the heat.

47.     Plaintiff alleges that fans were only placed in certain area, and in the areas in which they were placed, the fans blew hot air.

*Defendants' Failure to Reimburse Expenses*

48.     Pursuant to California *Labor Code* § 2802(a) an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

49.     Defendants have intentionally and willfully failed to reimburse and/or pay Plaintiff and the members of the Plaintiff Class for business-related expenses, including, but not limited to, cellular phone expenses.

50.     Specifically, Plaintiff showed up to work on several occasions and was sent home. This occurred many times, including 6/21/19, 5/24/19 and 5/14/19. Defendants would call the employees on their personal cellphone the day of and cancel their work for that day.

*Facts Regarding Willfulness*

51.     Plaintiff is informed and believes, and based thereon alleges, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

52.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the Plaintiff Class members, including Plaintiff.

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit B, Page 055

53.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the Plaintiff Class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

54.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendants knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

*Unfair Business Practices*

55.     Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

56.     Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

57.     Defendants' utilization of such unfair business practices deprives Plaintiff and members of the Plaintiff Class of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

58.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

*Plaintiff's Exhaustion of Administrative Remedies*

59.     Plaintiff is currently complying with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

60.     By letter dated May 29, 2020, required notice was sent to Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

61.     More than sixty (60) days have passed since the date the notice was mailed to Defendants and the LWDA, and the LWDA has chosen not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

### Plaintiff Class

All persons who have been, or currently are, employed by Defendants and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in the State of California. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter).

### Terminated Sub Class

All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter).

(collectively "Plaintiff Class" or "Class Members")

64.     Plaintiff is informed and believes, and on that basis alleges, that during the class period thousands of class members have been employed by Defendants as non-exempt employees in the State of California.  Because so many persons have been employed by Defendants in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit B, Page 057

65.     Common questions of law, in fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class.  Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

      a.     Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

      b.     Whether Defendants maintained accurate records of the hours worked by employees;

      c.     Whether Defendants had a standard policy of not providing proper meal and rest breaks to Plaintiff and members of the Plaintiff Class;

      d.     Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* §226;

      e.     Whether Defendants unlawfully and/or willfully failed to compensate employees for all hours worked;

      f.     Whether Defendants unlawfully/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

      g.     Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

      h.     Whether Defendants failed to minimize indoor heat and failed to adopt standards that minimize heat-related illness and injury among workers;

      i.     Whether Defendants failed to reimburse Plaintiff and members of the Plaintiff Class for business expenses; and

      j.     Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq*.

66.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.  Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages

arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

67.     Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

69.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

   a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

   b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability

14

of such non-party class members to protect their interests.

70.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

### (By Plaintiff and the Members of the Plaintiff Class Against Defendants)

71.     Plaintiff incorporates herein by reference the allegations set forth above.

72.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§ 200, 226, 1197, and 1198.

73.     For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by subjecting employees to security checks upon arrival, at meal breaks and upon completion of the shift.

74.     Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

75.     Pursuant to a uniform policy originated by Defendants, all hourly employees are subject to a security check upon arrival and before leaving for their meal break and at the end of their shift, after they had already clocked out. Hourly employees were and are required to wait in line and be searched for potential or possible items or merchandise taken without permission and/or other contraband.  Thus, at the discretion and control of the Defendants and solely for their benefit, Plaintiff and other members of the Plaintiff Class were and are required to leave their work station and walk to the security check, approximately a three-minute wait. This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband and/or pilferage of

15

inventory. Because such screening is designed to prevent and deter employee theft, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work and done solely for Defendants' benefit.

76.     A large number of hourly employees arrive, and leave for meal breaks at the same time and/or at end their shift. This creates lengthy lines and backups for employees authorized to conduct security screenings who are often times engaged in other job-related duties. As a result, employees are forced to wait in these lines and undergo lengthy off-the-clock security screenings before they are allowed to leave the premises. This work, done solely for the employer's benefit, is time which employees should be, but are not, compensated for both straight hours and overtime hours worked in excess of 40 in a week or, in California, in excess of 8 in a day.

77.     Specifically, Plaintiff alleges that the wait in the security line is approximately three (3) minutes and there are approximately six (6) to seven (7) other employees in line ahead of Plaintiff. All of which, is time that is uncompensated.

78.     Defendants did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

79.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, in accordance with Plaintiff's and the Plaintiff Class' respective damage amounts according to proof at time of trial.

80.     Defendants committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

16

Exhibit B, Page 061

81.     Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

82.     As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

### SECOND CAUSE OF ACTION

### SHORT MEAL BREAKS IN VIOLATION OF

### CAL. LABOR CODE §§200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendants)**

83.     Plaintiff incorporates herein by reference the allegations set forth above.

84.     For at least the four (4) years preceding the filing of this action, Defendants failed to provide meal breaks as required by law.

85.     California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

86.     California *Labor Code* § 512 provides that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

87.     The applicable Wage Order Section 11(D) states "If an employer fails to provide an employee a meal period in the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation each day that the meal period is not provided."

88.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

89.     Defendants failed to pay Plaintiff and the Class members the full statutory penalty for all missed meal periods.

90.     At all times relevant to this Complaint, each Defendants failed, and have continued to fail, to timely provide Plaintiff and the members of the Plaintiff Class with meal periods.

91.     Thus, throughout the Class Period, Defendants regularly:

a.  Failed to provide timely, 30-minute uninterrupted meal periods during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each five (5) hours of work;

b.  Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not permitted.

c.  Failed to provide Plaintiff and the members of the Plaintiff Class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day

92.     Specifically, Plaintiff and Plaintiff Class members' meal breaks were routinely cut short, as Plaintiff and Plaintiff Class members had to walk five (5) minutes to and from the breakroom back to their workstations. Further, if Plaintiff or members of the Plaintiff Class left the premises, they would have to wait in the security check line before leaving and upon their return.

93.     As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and the members of the Plaintiff Class have been deprived of meal period wages due in amounts to be determined at trial.

94.     Defendants' conduct described herein violates the Industrial Welfare Commission Order and California *Labor Code* §§ 226, 226.7, 512, and 1198.

### THIRD CAUSE OF ACTION

### SHORT REST BREAKS IN VIOLATION OF

### CAL. LABOR CODE §§200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

95.     Plaintiff incorporates herein by reference the allegations set forth above

96.     For at least the four (4) years preceding the filing of this action, Defendants failed to provide proper rest breaks as required by law.

18

97.     The applicable Wage Order Section 12(A) states "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

98.     The applicable Wage Order Section 12(B) states "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

99.     Plaintiff and the Class Members are entitled to recover additional compensation for all rest periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to California *Labor Code* § 218.5 and penalties pursuant to California *Labor Code* § 226.7.

100.     Defendants failed to provide Plaintiff and Class Members the full ten (10) minutes of rest time prescribed by law. To reach the break area, Plaintiff and Class Members must walk a long distance, five (5) minutes each way. This time reduces the amount of rest time.

101.     As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under state law.  Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN

## VIOLATION OF CAL. LABOR CODE § 226

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

102.     Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

FIRST AMENDED CLASS ACTION COMPLAINT

103.    California *Labor Code* § 226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee.... (5) net wages earned … (8) the name and address of the legal entity that is the employer… (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.) Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

104.    Defendants failed to accurately report the gross wages earned and the net wages earned by Plaintiff and the Class Members on their wage statements.

105.    Defendants failed to accurately represent the total hours worked by Plaintiff and Class members in that all hours worked are not accurately reflected on their wage statements, as a result of failing to compensate Plaintiff and members of the Plaintiff Class for time worked "off-the-clock."

106.    These wage statement violations are due to Defendants' failure to accurately compensate Plaintiff and other Class Members for all time worked, and for meal and rest break violations.

107.    Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class members from determining the amounts of wages actually owed to them.

108.    Plaintiff and Class Members request recovery of California *Labor Code* § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), in a sum as provided by the Labor Code and/or other statutes.

109.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

///

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF**

**TERMINATION IN VIOLATION OF CAL. LABOR CODE §§ 201-203**

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

110.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

111.   At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

112.   As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

113.   The conduct of Defendants and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

114.   Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

**SIXTH CAUSE OF ACTION**

**FAILURE TO ADOPT STANDARDS THAT MINIMIZE EXECSSIVE INDOOR HEAT**

**VIOLATION OF CAL. LABOR CODE §§ 6720, 227.3**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

115.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

116.   California *Labor Code* § 6720 sets forth requirements for adapting a standard that minimizes heat-related illness and injury among workers working in indoor places by January 1, 2019.

21

The provision states the following: "[t]he standard shall be based on environmental temperatures, work activity levels, and other factors."

117.    California *Labor Code* § 227.3(a) states "As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness." Section 227.3(c) states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

118.    The applicable Wage Order section 15(A) provides the following: "The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed." Section 15(B) states "If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce such excessive heat or humidity to a degree providing reasonable comfort."

119.    Defendants failed to comply with California *Labor Code* §§ 6720, 227.3(a), and the applicable Wage Order, by maintaining an excessively hot working environment.

120.    Defendants fail to provide Plaintiff and members of Plaintiff Class with a recovery period and fails to adopt standards to reduce heat-related illnesses, and as a result, Defendants have failed to maintain a safe indoor working environment.

121.    Plaintiff and Class Members request recovery and penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code*.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EXPENSES IN VIOLATION OF**

**CALIFORNIA LABOR CODE §2802**

**(by Plaintiff and the Members of the Plaintiff Class against Defendant)**

122.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

22

123.    Pursuant to California *Labor Code* §2802(a) an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

124.    Defendants have intentionally and willfully both failed to reimburse and/or pay Plaintiff and the members of the Plaintiff Class for business-related expenses, including but not limited to cell phone expenses.

125.    As a result of Defendants' violation of California *Labor Code* §2802(a), Plaintiff and the members of the Plaintiff Class have suffered injury and damage to their statutorily-protected rights.

126.    More specifically, Plaintiff and the members of the Plaintiff Class have been injured by Defendants' intentional and willful violation of California *Labor Code* §2802(a), because they were denied both their legal right and protected interest, in the reimbursement and payment of business-related expenses.

## EIGHTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA

## *BUSINESS AND PROFESSIONS CODE* SECTION 17200, *et seq.*

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

127.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

128.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

129.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

130.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.   As such, said conduct amounts to unfair business practices in violation of California

23

Exhibit B, Page 068

*Business and Professions* Code § 17200, *et seq*.

131.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

132.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

133.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

134.    During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

135.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code*.

136.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

137.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

138.    Defendants' course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

24

139.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## NINTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)

**(Against Defendants on behalf of Plaintiff and All Other Aggrieved Employees)**

140.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

141.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the *Labor Code* sections enumerated in California *Labor Code* §2699.5.

142.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

143.    Defendant's conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

    a.    Failed to pay all wages due, including overtime to Plaintiff and the members of the Putative Class;

    b.    Failed to authorize and permit Plaintiff and the members of the Putative Class to take the requisite rest periods;

    c.    Failed to authorize and permit Plaintiff and the members of the Putative Class of statutorily required meal periods;

    d.    Failed to provide Plaintiff and the members of the Putative Class with accurate wage statements;

    e.    Failed to pay Plaintiff and the members of the Putative Class all wages owed at termination.

144.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California *Labor Code* section 1198 requires that ". . .the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited

FIRST AMENDED CLASS ACTION COMPLAINT

by the order is unlawful."

145.   California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

146.   Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code*. During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

147.    Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

148.    By letter dated May 29, 2020, Plaintiff, on behalf of herself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

149.    More than 65 days has passed since the May 29, 2020, notice was sent to the LWDA, and no response has been received.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1.  An order that the action be certified as a class action;

2.  An order that counsel for Plaintiff be appointed class counsel;

3.  For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

4.  For compensatory damages;

5.  For penalties pursuant to California *Labor Code* §§ 200, 218.5, 226, 226.7, 226.3 and 2698-2699;

6.  For interest accrued to date;

7.  For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226,1194 and 2698-2699;

8.  For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226,1194 and 2699 (g) (1); and,

9.  A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

    a.    California *Labor Code* §§ 1194, 510, by failing to pay all wages owed;

    b.    California *Labor Code* § 226, by failing to provide the information required with each payment of wages;

FIRST AMENDED CLASS ACTION COMPLAINT

c.      California *Labor Code* §§ 201-203, by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

d.      California *Labor Code* § 226.7 by failing to provide proper meal and rest breaks mandated by law;

e.      California *Labor Code* §§ 6720, 226.7 for failing to adopt standards to minimize indoor heat-related illnesses;

f.      California *Labor Code* § 2802 by failing to reimburse business expenses; and

g.      California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above.

10.    For all such other and further relief that the Court may deem just and proper.

DATED:  September 16, 2020          **BRADLEY/GROMBACHER LLP**
                                    **LAW OFFICES OF SAHAG MAJARIAN II**


By: _____
        Marcus J. Bradley, Esq.
        Kiley Lynn Grombacher, Esq.
        Lirit A. King, Esq.
        Sahag Majarian II, Esq.

        Attorneys for Plaintiff


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  September 16, 2020          **BRADLEY/GROMBACHER, LLP**
                                    **LAW OFFICES OF SAHAG MAJARIAN II**


By: _____
        Marcus J. Bradley, Esq
        Kiley L. Grombacher, Esq.
        Lirit A. King, Esq
        Sahag Majarian II, Esq
        Attorneys for Plaintiff

28

1

**PROOF OF SERVICE**

2

**VIA CASE ANYWHERE**

3

STATE OF CALIFORNIA              )
                                 ) ss.

4

COUNTY OF LOS ANGELES    )

5

6

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 31365 Oak Crest Drive, Suite 240, Westlake Village, CA  91361.

7

8

        On September 16, 2020, I served the foregoing document described as: **FIRST AMENDED COMPLAINT**  on all interested parties in said action:

9

**SEE ATTACHED SERVICE LIST**

10

11

        Pursuant to the Court's Order Authorizing Electronic Service, the above-named document has been electronically served on counsel of record by transmission through the Case Anywhere system on the date below. The transmission of this document to Case Anywhere system was reported as complete and a copy of the Case Anywhere Transaction Receipt will be maintained along with the original document and proof of service in our office.

12

13

14

        Executed on September 16, 2020 at Westlake Village, California.

15

16

17

_____
                Suzette Boucher

18

19

20

21

22

23

24

25

26

27

28

-1-

Exhibit B, Page 074

*Walker v. Barrett Business Services, Inc., et al.*

**Los Angeles County Superior Court Case No.: 20STCV21241**

**<u>Service List</u>**

| | |
|---|---|
| **HIRSCHFELD KRAEMER LLP**<br>Gregory S. Glazer (SBN 172197)<br>Benjamin J. Treger (SBN 285283)<br>233 Wilshire Boulevard<br>Suite 600<br>Santa Monica, CA 90401<br>Telephone: (310) 255-0705<br>Facsimile: (310) 255-0986 | Agent for Defendant<br>BARRETT  BUSINESS SERVICES, INC. |
| **GREENBERG TRAURIG, LLP**<br>Mark D. Kemple (SBN 145219)<br>Michael A. Wertheim (SBN 291228)<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067-2121<br>Telephone: 310-586-7724<br>Fax: 310-586-7800<br>E-mail:kemplem@gtlaw.com<br>wertheimm@gtlaw.com | Agent for Defendant<br>PERFORMANCE TEAM HOLDINGS |

Exhibit B, Page 075