# EXHIBIT C

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Marcus J. Bradley, Esq. (SBN 174156)
Bradley/Grombacher, LLP
31365 Oak Crest Drive, Suite 240
Westlake, Village, California 91361

TELEPHONE NO.: (805) 270-7100          FAX NO. *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, TASHAVEA WALKER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

RECEIVED
JUN 02 2020
Filing Window

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 02 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

**CASE NAME:**
WALKER v. BARRETT BUSINESS SOLUTIONS, INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV21241<br><br>JUDGE:<br>DEPT.: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* Eight (8)
**5.** This case [x] is [ ] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 29, 2020

Marcus J. Bradley, Esq.
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Exhibit C, Page 076

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit C, Page 077

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

| SHORT TITLE: WALKER v. BARRETT BUSINESS SOLUTIONS, INC., ET AL. | CASE NUMBER 20STCV21241 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases - unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Exhibit C, Page 078

| SHORT TITLE: WALKER v. BARRETT BUSINESS SOLUTIONS, INC., ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 | Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 | Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 | Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 | Quiet Title | 2, 6 |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SHORT TITLE: WALKER v. BARRETT BUSINESS SOLUTIONS, INC., ET AL.

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4
Exhibit C, Page 080

| SHORT TITLE: WALKER v. BARRETT BUSINESS SOLUTIONS, INC., ET AL. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 29, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit C, Page 081

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/02/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ I. Lovo _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV21241 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Amy D. Hogue | 7 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      Sherri R. Carter, Executive Officer / Clerk of Court

on 06/05/2020 _____      . By I. Lovo _____, Deputy Clerk
  (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/22/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Morales _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Tashavea Walker | |
| DEFENDANT/RESPONDENT:<br>Barrett Business Services, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV21241 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Newly Assigned Case) of 06/22/2020, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Marcus Joseph Bradley
Bradley/Grombacher LLP
31365 Oak Crest Dr
Suite 240
Westlake Village, CA  91361

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/22/2020          By:   A. Morales _____
                                        Deputy Clerk

**CERTIFICATE OF MAILING**          Exhibit C, Page 083

**FILED**
Superior Court of California
County of Los Angeles

**JUN 22 2020**

Sherri R. Carter, ~~Executive~~ Officer/Clerk
By _Alfredo Morales_ deputy
ALFREDO MORALES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Tashavea Walker | ) Case No.: 20STCV21241 |
| Plaintiff, | ) |
| | ) INITIAL STATUS CONFERENCE ORDER |
| Vs | ) |
| | ) (COMPLEX LITIGATION) |
| | ) **REVISED AS OF 6/18/2020** |
| Barrett Business Services, Inc. | ) Case assigned for all purposes to |
| | ) Judge Amy D. Hogue |
| Defendant | ) Spring Street Courthouse |
| | ) Department 7 |
| | ) ISC Date: September 01, 2020 at 11:00 a.m. |
| | ) |

This case has been assigned for all purposes to Judge Amy D. Hogue, Complex

Litigation, Department 7. PLEASE READ THE COURTROOM INFORMATION FOR

DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

The Court has scheduled an Initial Status Conference on September 01, 2020 at 11:00

a.m. in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012.

**Department 7 is scheduled to implement new technology (LACourtConnect) on July 6,**

1

2020.  This technology will allow parties and counsel to appear by telephone or video-conference.  To minimize social contact and avoid COVID-19 contamination of employees working inside the courthouse, the Court strongly encourages all parties and counsel to appear remotely (via LACourtConnect) rather than in person.[1]  If any party or counsel believes he or she has good cause to appear in person, please post a request on the e-service message board at least two days before the appearance.  When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time.  Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

**To minimize foot traffic in the courthouse during the COVID-19 pandemic, Department 7 no longer accepts paper filings or courtesy copies.**

The purpose of the Initial Status Conference is to identify the most fair and efficient way of proceeding with the case.  To that end, the Court strongly encourages the parties to propose any and all approaches to case management that will promote the fair and efficient handling of the case.  The Court is particularly interested in identifying dispositive or significant issues that may be addressed earlier rather than later in the case.  For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.   If the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint

---

[1] To prevent the spread of COVID-19, everyone in the courthouse is currently required to wear a mask and maintain social distancing.

2

(or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference.  The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court five court days before the Initial Status Conference.  **All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC.  The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 15 days before to the ISC.  So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org at least 10 days prior to the ISC.  Please remember that electronic service is not the same as electronic filing.  At present, only traditional methods of filing (physical delivery of original papers or fax filing) are available in the Complex departments.  To reserve a hearing date, please telephone the courtroom staff  at (213) 310-7007 when the motion is ready to be filed.**

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes <u>a brief description of the facts and causes of action</u> and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

3

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery? [2]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order?  The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement.

---

[2] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

4

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[3]

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[4]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

    a.  The next status conference.

    b.  Mediation completion.

    c.  A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

---

[3] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.
[4] E-service does not effectuate a justiciable filing with the court. Until Los Angeles Superior Court activates e-filing for the complex civil departments, the parties must file or fax file paper documents with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

The Court directs each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

**The Court stays all other proceedings in this action**. The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court. Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated:  **JUN 2 2 2020**

Amy D. Hogue
Judge of the Superior Court

6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**20STCV21241**                                               June 22, 2020
**TASHAVEA WALKER vs BARRETT BUSINESS SERVICES,**                 8:31 AM
**INC., et al.**


Judge: Honorable Amy D. Hogue          CSR: None
Judicial Assistant: A. Morales         ERM: None
Courtroom Assistant: T. Bivins         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
09/01/2020 at 11:00 AM in this department. At least 20 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand

Exhibit C, Page 090

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**20STCV21241**                                                      June 22, 2020
**TASHAVEA WALKER vs BARRETT BUSINESS SERVICES,**                           8:31 AM
**INC., et al.**

Judge: Honorable Amy D. Hogue            CSR: None
Judicial Assistant: A. Morales           ERM: None
Courtroom Assistant: T. Bivins           Deputy Sheriff: None

dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service. Certificate of Mailing is attached.

Minute Order                                                     Page 2 of 2

Exhibit C, Page 091

ORIGINAL

FAXED

1

2   **BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
3   Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
4   31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
5   Telephone:  (805) 270-7100
Facsimile:  (805) 270-7589
6   mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
7   lking@bradleygrombacher.com

8   **LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
9   18250 Ventura Boulevard
Tarzana, California   91356
10  Telephone: (818) 609-0807
Facsimile:  (818) 609-0892
11  sahagii@aol.com

12
Attorneys for Plaintiff TASHAVEA WALKER

13           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
14                      **COUNTY OF LOS ANGELES**

15  TASHAVEA WALKER individually and on       **Case No.: 20STCV21241**
behalf of other individuals similarly situated,
16                                             **(Assigned to Hon. Amy Hogue, Dept. 7 for**
Plaintiff,                     **all purposes)**
17
v.                                            **CLASS ACTION**
18
BARRETT BUSINESS SERVICES, INC., a          **DECLARATION OF MARCUS J.**
19  Maryland corporation; STRATEGIC            **BRADLEY RE: DISMISSAL OF**
STAFFING SOLUTIONS, INC.; a Michigan        **DEFENDANT STRATEGIC STAFFING**
20  corporation; PERFORMANCE TEAM              **SOLUTIONS, INC. a Michigan**
HOLDINGS INC., a California corporation;    **Corporation**
21  and DOES 1 through 100, inclusive
**[C.R.C. RULE 3.770]**
22              Defendants.

23                                             Complaint Filed:  June 02, 2020

24                                             Trial Date:  None set

25

26

27

28

-1-
DECLARATION OF MARCUS J. BRADLEY

**FILED**
Superior Court of California
County of Los Angeles

JUL 02 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Isaac Lovo

I, Marcus J. Bradley, declare:

  1.  I am an attorney licensed to practice before all courts of the State of California. I am a member in good standing of the State Bar of California. I am counsel for Tashavea Walker ("Plaintiff") in this proposed class action. I have personal knowledge of the facts herein. If called as a witness, I could and would competently testify to those facts under oath.

  2.  This Declaration is filed pursuant to California <u>Rules of Court</u>, Rule 3.770, in support of the Stipulation re Voluntary Dismissal of Defendant STRATEGIC STAFFING SOLUTIONS, INC. without prejudice only.

  3.  For ease of reference, and in accordance with California <u>Rules of Court</u>, Rule 3.770, this Declaration is divided into the following subsections: (A) Status of the Case; (B) Facts Regarding Plaintiff's Claim; (C) Facts Establishing that Dismissal Should be Entered Without Notice to the Alleged Putative Class; and (D) Expertise of Plaintiff's Counsel in Class Action Litigation.

  **A.**  **STATUS OF THE CASE**

  4.  On June 02, 2020, Plaintiff filed the herein action against Defendant alleging eight causes of action for (1) Failure to Pay for All Wages; (2) Short Meal Breaks in Violation of California Labor Code §§ 200, 226.7, 512; (3) Short Rest Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512; (4) Failure to Furnish Accurate Itemized Wage Statements upon Payment of Wages in Violation of California *Labor Code* § 226; (5) Failure to Pay All Wages at the Time of Termination in Violation of California *Labor Code* § 203; (6) Failure to Adopt Standards that Minimize Excessive Indoor Heat in Violation of California *Labor Code* §§ 6720, 226.7; (7) Failure to Reimburse Expenses in Violation of California *Labor Code* § 2802; (8) Violations of California Business and Professions Code §§, *et seq.*

  5.  On May 29, 2020, Plaintiff issued notice to the Labor and Workforce Development Agency under California Labor Code §§2698-2699.

**B.**  **FACTS REGARDING PLAINTIFF'S CLAIMS AGAINST DEFENDANT STRATEGIC STAFFING SOLUTIONS, INC.**

  6.  My office also conducted research on the significant issues involved in this

-2-
DECLARATION OF MARCUS J. BRADLEY

1  litigation.  In the course of the litigation, we investigated the claims against Defendant

2  STRATEGIC STAFFING SOLUTIONS, INC.

3      7.    I believe that dismissal without prejudice of the Defendant is warranted as

4  Defendant STRATEGIC STAFFING SOLUTIONS, INC. was erroneously named on the

5  Complaint. Strategic Staffing Solutions, LLC and Strategic Staffing Solutions, LC, were

6  erroneously served the complaint, and should also be dismissed without prejudice, as they have

7  no affiliation with the Plaintiff.

8  **C.    FACTS  ESTABLISHING  THAT  DISMISSAL  SHOULD  BE  ENTERED**

9      **WITHOUT NOTICE TO THE ALLEGED PUTATIVE CLASS**

10      8.    There is no dismissal of the alleged class claims and the dismissal as to

11  STRATEGIC STAFFING SOLUTIONS, INC. is without prejudice.  No class has been certified

12  and no formal notice of the pendency of this action has been provided to the putative class

13  members. Therefore, under the first sentence within California <u>Rules of Court</u>, Rule 3.770(c),

14  notice of the dismissal does not need to be provided to the putative class.

15      9.    It is my opinion that this dismissal will not prejudice any putative class member

16  because I have not been contacted by any former or current non-exempt employees other than

17  Plaintiff, and neither the Court nor I have issued notice to former or current non-exempt

18  employees of the pendency of this action.

19  **D.    EXPERTISE OF PLAINTIFF'S COUNSEL IN CLASS ACTION LITIGATION**

20      10.    I am experienced and knowledgeable in wage and hour litigation and class action

21  litigation.  I have acted as class counsel on numerous wage and hour and other types of class

22  action cases.  I am very familiar with the potential issues and pitfalls for both sides in litigation

23  of this nature because of my extensive experience in similar actions.

24      I declare under penalty of perjury and the laws of the State of California that the foregoing

25  is true and correct. Executed this 1st day of July, 2020, at Westlake Village, California.

26

27  

      Marcus J. Bradley
28

                        -3-
                DECLARATION OF MARCUS J. BRADLEY

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles State of California. I am over the age of

4

eighteen and not a party to the within action; my business address is 31365 Oak Crest Drive Suite 240, Westlake Village, CA 91361.

5

On July 1, 2020, I served the foregoing documents described as **DECLARATION OF**

6

**MARCUS J. BRADLEY RE: DISMISSAL OF DEFENDANT STRATEGIC STAFFING SOLUTIONS, INC. )** on all interested parties in this action as follows:

7

**SEE ATTACHED SERVICE LIST**

8

[ ]   **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village,

9

California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal

10

Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

[ ]   **(VIA OVERNIGHT DELIVERY)** I caused to have served such document(s) by placing a true copy thereof, enclosed in a sealed envelope or package designated by _____

13

addressed as follows and delivered it to an authorized receiving station authorized by _____ to receive documents with delivery fees by our office.

14

[ ]   **(VIA FACSIMILE TRANSMISSION)** From Fax No. _____ to the fax numbers

15

listed on the attached service list. The facsimile machine I used complied with Rule 2033(3) and no error was reported by the machine.

16

[X]   **(VIA PERSONAL SERVICE)** On the above date, I caused the aforementioned

17

document(s) to be delivered by hand in an envelope to the offices of the addressee(s) on the attached Service List.

18

[ ]   **(VIA E-MAIL)** I delivered the aforementioned document (s) by electronic mail to the

19

parties' email addresses as they are known to me on the attached Service List. My email address is sboucher@bradleygrombacher.com. I did not receive, within a reasonable period

20

of time, any indication that the transmission was not successful.

21

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

[ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court

23

at whose direction the service was made.

24

Executed on July 1, 2020, at Westlake Village, California.

25

_Suzette Boucher_

26

Suzette Boucher

27

28

1

PROOF OF SERVICE RE INITIAL STATUS CONFERENCE ORDERS

Exhibit C, Page 095

*Walker v. Barrett Business Services, Inc., et al.*
*Los Angeles County Superior Court Case No.: 20STCV21241*

## Mailing List

| | |
|---|---|
| **By Personal Service**<br>CSC-Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | Agent for Defendant<br>BARRETT BUSINESS SERVICES, INC. |
| **By Personal Service**<br>CT Corporation<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | Attorney for Defendant<br>PERFORMANCE TEAM HOLDINGS |
| | |

2

PROOF OF SERVICE RE INITIAL STATUS CONFERENCE ORDERS

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:  (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com



FILED
Superior Court of California
County of Los Angeles

JUL 02 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____
Isaac Lovo        Deputy

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California   91356
Telephone: (818) 609-0807
Facsimile:  (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, TASHAVEA WALKER, individually
and on behalf of other individuals similarly situated

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA
### COUNTY OF LOS ANGELES

| | |
|---|---|
| TASHAVEA WALKER individually and on behalf of other individuals similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BARRETT BUSINESS SERVICES, INC., a Maryland corporation; STRATEGIC STAFFING SOLUTIONS, INC.; a Michigan corporation; PERFORMANCE TEAM HOLDINGS INC., a California corporation; and DOES 1 through 100, inclusive <br><br> Defendants. | **CASE NO. 20STCV21241** <br> **[Assigned to Hon. Amy D. Hogue, Dept. 7]** <br><br> **CLASS ACTION** <br><br> **PROOF OF SERVICE RE:** <br><br> 1. **Court Order Re Newly Assigned Case; and** <br> 2. **Revised (as of 6/18/2020) Initial Status Conference Order (Complex Litigation)** |

1

PROOF OF SERVICE RE INITIAL STATUS CONFERENCE ORDERS

1    PURSUANT TO THE ORDERS OF THIS COURT the following are served upon all parties

2  in this action and are attached herewith:

3    1.  Court Order Re Newly Assigned Case; and

4    2.  Revised (as of 6/18/2020) Initial Status Conference Order (Complex Litigation).

5

6
   DATED:  July 1, 2020                    **BRADLEY/GROMBACHER LLP**
7                                          **LAW OFFICES OF SAHAG MAJARIAN, II**

8
                                    By: _____
9
                                          Marcus J. Bradley, Esq.
10                                         Kiley Lynn Grombacher, Esq.
                                           Lirit A. King, Esq.
11                                         Sahag Majarian II, Esq.

12                                         Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

PROOF OF SERVICE RE INITIAL STATUS CONFERENCE ORDERS

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**20STCV21241**                                                June 22, 2020
**TASHAVEA WALKER vs BARRETT BUSINESS SERVICES,**              8:31 AM
**INC., et al.**

Judge: Honorable Amy D. Hogue           CSR: None
Judicial Assistant: A. Morales          ERM: None
Courtroom Assistant: T. Bivins          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 09/01/2020 at 11:00 AM in this department. At least 20 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand

Exhibit C, Page 099

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**20STCV21241**                                                 June 22, 2020
**TASHAVEA WALKER vs BARRETT BUSINESS SERVICES,**          8:31 AM
**INC., et al.**

Judge: Honorable Amy D. Hogue          CSR: None
Judicial Assistant: A. Morales          ERM: None
Courtroom Assistant: T. Bivins          Deputy Sheriff: None

dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of
this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within 7 days of
service. Certificate of Mailing is attached.

Exhibit C, Page 100

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/22/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By          A. Morales          Deputy |
| PLAINTIFF/PETITIONER:<br>Tashavea Walker | |
| DEFENDANT/RESPONDENT:<br>Barrett Business Services, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV21241 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Newly Assigned Case) of 06/22/2020, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Marcus Joseph Bradley
Bradley/Grombacher LLP
31365 Oak Crest Dr
Suite 240
Westlake Village, CA  91361

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/22/2020

By:  A. Morales
       Deputy Clerk

**CERTIFICATE OF MAILING**

FILED
Superior Court of California
County of Los Angeles

JUN 22 2020

Sherri R. Carter, ........ ......cer/Clerk
Alfredo Morales         deputy
/ ALFREDO MORALES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Tashavea Walker | ) Case No.:  20STCV21241 |
|           Plaintiff, | ) |
| | ) INITIAL STATUS CONFERENCE ORDER |
| | ) |
| Vs | ) (COMPLEX LITIGATION) |
| | ) **REVISED AS OF 6/18/2020** |
| Barrett Business Services, Inc. | ) Case assigned for all purposes to |
| | ) Judge Amy D. Hogue |
|           Defendant | ) Spring Street Courthouse |
| | ) Department 7 |
| | ) ISC Date: September 01, 2020 at 11:00 a.m. |
| | ) |

     This case has been assigned for all purposes to Judge Amy D. Hogue, Complex

Litigation, Department 7.  PLEASE READ THE COURTROOM INFORMATION FOR

DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

     The Court has scheduled an Initial Status Conference on September 01, 2020 at 11:00

a.m. in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012.

**Department 7 is scheduled to implement new technology (LACourtConnect) on July 6,**

1

2020.  This technology will allow parties and counsel to appear by telephone or video-conference.  To minimize social contact and avoid COVID-19 contamination of employees working inside the courthouse, the Court <u>strongly encourages</u> all parties and counsel to appear remotely (via LACourtConnect) rather than in person.[1]  If any party or counsel believes he or she has good cause to appear in person, please post a request on the e-service message board at least two days before the appearance.  When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time.  Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

   <u>To minimize foot traffic in the courthouse during the COVID-19 pandemic, Department 7 no longer accepts paper filings or courtesy copies.</u>

   The purpose of the Initial Status Conference is to identify the most fair and efficient way of proceeding with the case.  To that end, the Court strongly encourages the parties to propose any and all approaches to case management that will promote the fair and efficient handling of the case. The Court is particularly interested in identifying dispositive or significant issues that may be addressed earlier rather than later in the case.  For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.   If the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint

---

[1] To prevent the spread of COVID-19, everyone in the courthouse is currently required to wear a mask and maintain social distancing.

(or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference.  The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court five court days before the Initial Status Conference.  **All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC.  The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 15 days before to the ISC.  So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org at least 10 days prior to the ISC.  Please remember that electronic service is not the same as electronic filing.  At present, only traditional methods of filing (physical delivery of original papers or fax filing) are available in the Complex departments.  To reserve a hearing date, please telephone the courtroom staff  at (213) 310-7007 when the motion is ready to be filed.**

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

3

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery?[2]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order? The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement.

---

[2] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

4

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[3]

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[4]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

    a.   The next status conference.

    b.   Mediation completion.

    c.   A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

---

[3] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

[4] E-service does not effectuate a justiciable filing with the court. Until Los Angeles Superior Court activates e-filing for the complex civil departments, the parties must file or fax file paper documents with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

5

Exhibit C, Page 106

To the extent the parties are unable to agree on the matters to be addressed in the Joint

Statement, each side may state its position in point/counterpoint fashion.

The Court directs each defendant to file a Notice of Appearance for purposes of

identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any

affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

**The Court stays all other proceedings in this action**. The Court issues the stay to

assist the Court and the parties in this "complex" case by ensuring, among other things, an

orderly schedule for briefing and hearings on procedural and substantive challenges to the

complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion

challenging the jurisdiction of the Court. Although this stay applies to formal discovery, it does

not prevent the parties from informally exchanging documents or information that may assist in

their initial evaluation of the issues presented in this case. Any future stay ordered by the Court

for purposes of case management is not a stay under Code of Civil Procedure section 583.310

unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on

counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the

date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for

Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated:     JUN 2 2 2020

AMY D. HOGUE
_____
Amy D. Hogue
Judge of the Superior Court

6

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles State of California.  I am over the age of eighteen and not a party to the within action; my business address is 31365 Oak Crest Drive Suite 240 , Westlake Village, CA 91361.

5

6

On July 1, 2020 , I served the foregoing documents described as **PROOF OF SERVICE RE: Court Order Re Newly Assigned Case; and Revised (as of 6/18/2020) Initial Status Conference Order (Complex Litigation)** on all interested parties in this action as follows:

7

### SEE ATTACHED SERVICE LIST

8

9

10

11

[X]   **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

[ ]   **(VIA OVERNIGHT DELIVERY)** I caused to have served such document(s) by placing a true copy thereof, enclosed in a sealed envelope or package designated by _____ addressed as follows and delivered it to an authorized receiving station authorized by _____ to receive documents with delivery fees by our office.

14

15

[ ]   **(VIA FACSIMILE TRANSMISSION)** From Fax No. _____ to the fax numbers listed on the attached service list.  The facsimile machine I used complied with Rule 2033(3) and no error was reported by the machine.

16

17

[X]   **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

18

19

[ ]   **(VIA E-MAIL)** I delivered the aforementioned document (s) by electronic mail to the parties' email addresses as they are known to me on the attached Service List.  My email address is sboucher@bradleygrombacher.com. I did not receive, within a reasonable period of time, any indication that the transmission was not successful.

20

21

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

[ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

Executed on July 1, 2020, at Westlake Village, California.

25

Suzette Boucher

26

27

28

3

PROOF OF SERVICE RE INITIAL STATUS CONFERENCE ORDERS

*Walker v. Barrett Business Services, Inc., et al.*
*Los Angeles County Superior Court Case No.: 20STCV21241*

### Mailing List

| | |
|---|---|
| CSC-Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | Attorney for Defendant<br>BARRETT BUSINESS SERVICES, INC. |
| CT Corporation<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | Attorney for Defendant<br>PERFORMANCE TEAM HOLDINGS |

4

PROOF OF SERVICE RE INITIAL STATUS CONFERENCE ORDERS

6/26/2020                                                    ServeManager

| Attorney or Party without Attorney: | | | For Court Use Only |
| --- | --- | --- | --- |
| MARCUS J. BRADLEY, ESQ. (#SBN 174156) BRADLEY/ GROMBACHER LLP 31365 OAK CREST DRIVE SUITE 240 WESTLAKE VILLAGE, CA 91361 *Telephone No:* 805-270-7100 | | | **FILED** Superior Court of California County of Los Angeles |

*Attorney For:* Plaintiff | *Ref. No. or File No.:* | JUL 02 2020

Insert name of Court, and Judicial District and Branch Court:
IN THE SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES Sherri R. Carter, Executive Officer/Clerk of Court

*Plaintiff:* TASHAVEA WALKER individually and on behalf of other individuals similarly By _____ Deputy
situated                                                          Isaac Love

*Defendant:* BARRETT BUSINESS SERVICES, INC., a Maryland corporation, et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 20STCV21241 |
| --- | --- | --- | --- | --- |

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; ADR INFORMATION PACKAGE

3.  a.  *Party served:*   BARRETT BUSINESS SERVICES, INC., a Maryland corporation
    b.  *Person served:*  KAITLYN MANNIX, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS

4.  *Address where the party was served:*   2710 GATEWAY OAKS DRIVE SUITE 150N, SACRAMENTO, CA 95833

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
       service of process for the party (1) on *(date):* Wed, Jun 17 2020 (2) at *(time):* 11:35 AM
    (1)  [X]  **(business)**
    (2)  [ ]  **(home)**
    (3)  [ ]  **(other)** :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]   as an individual defendant.
    b.  [ ]   as the person sued under the fictitious name of *(specify):*
    c.  [ ]   as occupant.
    d.  [X]   On behalf of *(specify):*   BARRETT BUSINESS SERVICES, INC., a Maryland corporation
        under the following Code of Civil Procedure section:
        [X] 416.10 (corporation)                      [ ] 415.95 (business organization, form unknown)
        [ ] 416.20 (defunct corporation)              [ ] 416.60 (minor)
        [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
        [ ] 416.40 (association or partnership)        [ ] 416.90 (authorized person)
        [ ] 416.50 (public entity)                    [ ] 415.46 (occupant)
        [ ] other:

| **FL** | Judicial Council Form POS-010 Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE SUMMONS** | *4615135* *(8124828)* **Page 1 of 2** |
| --- | --- | --- | --- |

Exhibit C, Page 110

6/26/2020                                                     ServeManager

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| MARCUS J. BRADLEY, ESQ. (#SBN 174156)<br>BRADLEY/ GROMBACHER LLP<br>31365 OAK CREST DRIVE SUITE 240<br>WESTLAKE VILLAGE, CA 91361<br>Telephone No: 805-270-7100 | |

| Attorney For: Plaintiff | Ref. No. or File No.: |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
IN THE SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

Plaintiff: TASHAVEA WALKER individually and on behalf of other individuals similarly situated

Defendant: BARRETT BUSINESS SERVICES, INC., a Maryland corporation, et al.

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20STCV21241 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:              Michael Morris
   b.  Address:         **FIRST LEGAL**
                           5450 Ralston Street, Ste. 111
                           VENTURA, CA 93003
   c.  Telephone number:  (805) 654-1535
   d.  **The fee** for service was:  $103.30
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)   ☐ owner  ☐ employee  ☒ independent contractor
          (ii)  Registration No:  2102-33, Sacramento
          (iii)  County:  Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/25/2020
_____
(Date)

_____
Michael Morris

**FL**
FIRST LEGAL

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*4615135*
*(8124828)*
**Page 2 of 2**

Exhibit C, Page 111

7/1/2020                                                                          ServeManager                                                        7



| Attorney or Party without Attorney:<br>MARCUS J. BRADLEY, ESQ. (#SBN 174156)<br>BRADLEY/ GROMBACHER LLP<br>31365 OAK CREST DRIVE SUITE 240<br>WESTLAKE VILLAGE, CA 91361<br>Telephone No:  805-270-7100<br><br>Attorney For:  Plaintiff | For Court Use Only<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUL 02 2020**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By_____Deputy<br>Isaac Love |
|---|---|

*Ref. No. or File No.:*

| Insert name of Court, and Judicial District and Branch Court:<br>IN THE SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| Plaintiff:  TASHAVEA WALKER individually and on behalf of other individuals similarly situated |
| Defendant:  BARRETT BUSINESS SERVICES, INC., a Maryland corporation, et al. |

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20STCV21241 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; ADR INFORMATION PACKAGE

3.  a.  *Party served:*  PERFORMANCE TEAM HOLDINGS INC., a California corporation
    b.  *Person served:*  CARLOS PAZ, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE OF PROCESS.

4.  *Address where the party was served:*  818 WEST SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Jun 16 2020 (2) at *(time)*: 01:45 PM

    (1)  [X]  **(business)**
    (2)  [ ]  **(home)**
    (3)  [ ]  **(other)** :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]  as an individual defendant.
    b.  [ ]  as the person sued under the fictitious name of *(specify):*
    c.  [ ]  as occupant.
    d.  [X]  On behalf of *(specify):*  PERFORMANCE TEAM HOLDINGS INC., a California corporation
        under the following Code of Civil Procedure section:

| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
|---|---|
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |

| **FL**<br>FIRSTLEGAL | Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF**<br>**SERVICE**<br>**SUMMONS** | 4615116<br>(8124800)<br>Page 1 of 2 |
|---|---|---|---|

Exhibit C, Page 112

| Attorney or Party without Attorney: MARCUS J. BRADLEY, ESQ. (#SBN 174156) BRADLEY/ GROMBACHER LLP 31365 OAK CREST DRIVE SUITE 240 WESTLAKE VILLAGE, CA 91361 Telephone No: 805-270-7100 | | For Court Use Only |
|---|---|---|
| Attorney For:  Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
IN THE SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

Plaintiff:  TASHAVEA WALKER individually and on behalf of other individuals similarly situated

Defendant:  BARRETT BUSINESS SERVICES, INC., a Maryland corporation, et al.

| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number: 20STCV21241 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:         Douglas Forrest
   b.  Address:     **FIRST LEGAL**
                   5450 Ralston Street, Ste. 111
                   VENTURA, CA 93003
   c.  Telephone number:   (805) 654-1535
   d.  The fee for service was:  $103.30
   e.  I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [X] a registered California process server:
         (i) [ ] owner [ ] employee [X] independent contractor
         (ii) Registration No:  5141, Los Angeles
         (iii) County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/25/2020
_____
(Date)

_____
Douglas Forrest



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

4615116
(8124800)
Page 2 of 2

6/26/2020                                   ServeManager

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| MARCUS J. BRADLEY, ESQ. (#SBN 174156)<br>BRADLEY/ GROMBACHER LLP<br>31365 OAK CREST DRIVE SUITE 240<br>WESTLAKE VILLAGE, CA 91361<br>  Telephone No: 805-270-7100 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 29 2020 |

*Attorney For:* Plaintiff    *Ref. No. or File No.:*

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Maisha Pryor

*Insert name of Court, and Judicial District and Branch Court:*
IN THE SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

*Plaintiff:* TASHAVEA WALKER individually and on behalf of other individuals similarly situated
*Defendant:* BARRETT BUSINESS SERVICES, INC., a Maryland corporation, et al.

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>20STCV21241 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; ADR INFORMATION PACKAGE

3.  *a.  Party served:*  BARRETT BUSINESS SERVICES, INC., a Maryland corporation
    *b.  Person served:*  KAITLYN MANNIX, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS

4.  *Address where the party was served:*  2710 GATEWAY OAKS DRIVE SUITE 150N, SACRAMENTO, CA 95833

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Wed, Jun 17 2020 (2) at *(time):* 11:35 AM
    (1)  [X]  **(business)**
    (2)  [ ]  **(home)**
    (3)  [ ]  **(other)** :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]  as an individual defendant.
    b.  [ ]  as the person sued under the fictitious name of *(specify):*
    c.  [ ]  as occupant.
    d.  [X]  On behalf of *(specify):*  BARRETT BUSINESS SERVICES, INC., a Maryland corporation
         under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

4615135
(8124828)
**Page 1 of 2**

Exhibit C, Page 114

6/26/2020                                                    ServeManager

| Attorney or Party without Attorney:<br>MARCUS J. BRADLEY, ESQ. (#SBN 174156)<br>BRADLEY/ GROMBACHER LLP<br>31365 OAK CREST DRIVE SUITE 240<br>WESTLAKE VILLAGE, CA 91361<br>  Telephone No:   805-270-7100 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For:   Plaintiff | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>IN THE SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES | | | | |
| Plaintiff:   TASHAVEA WALKER individually and on behalf of other individuals similarly situated<br>Defendant:   BARRETT BUSINESS SERVICES, INC., a Maryland corporation, et al. | | | | |
| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20STCV21241 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                          Michael Morris
    b.  Address:                     **FIRST LEGAL**
                                            5450 Ralston Street, Ste. 111
                                            VENTURA, CA 93003
    c.  Telephone number:      (805) 654-1535
    d.  **The fee** for service was:   $103.30
    e.  I am:
        (1) ☐  not a registered California process server.
        (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒  a registered California process server:
            (i)   ☐ owner  ☐ employee  ☒ independent contractor
            (ii)  Registration No:   2102-33, Sacramento
            (iii) County:   Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

06/25/2020

_____                    _____
(Date)                                                        Michael Morris

**FL**
FIRST LEGAL

Judicial Council Form POS-010            **PROOF OF**                        4615135
Rule 2.150.(a)&(b) Rev January 1, 2007   **SERVICE**                       (8124828)
                                          **SUMMONS**                      **Page 2 of 2**

Exhibit C, Page 115

Mark D. Kemple (SBN 145219)
Michael A. Wertheim (SBN 291228)
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone:     (310) 586-7700
Facsimile:     (310) 586-7800
emails: kemplem@gtlaw.com,
wertheimm@gtlaw.com

Attorneys for Defendant
Performance Team Holdings Inc.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 7 2020

Sherri R. Carter, Executive Officer/Clerk
By: Nancy Alvarez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TASHAVEA WALKER, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT BUSINESS SERVICES, INC., a Maryland corporation; STRATEGIC STAFFING SOLUTIONS, INC.; a Michigan corporation; PERFORMANCE TEAM HOLDINGS, INC.., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 20STCV21241<br><br>**DEFENDANT PERFORMANCE TEAM HOLDINGS INC.'S NOTICE OF APPEARANCE OF COUNSEL MARK D. KEMPLE AND MICHAEL A. WERTHEIM**<br><br><br>ACTION FILED:     June 2, 2020 |

NOTICE OF APPEARANCE

*ACTIVE 52024828v1*

Exhibit C, Page 116

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Mark D. Kemple and Michael A. Wertheim, of Greenberg Traurig, LLP, hereby enter their appearances

as counsel of record for and on behalf of Defendants Performance Team Holdings Inc. Mr. Kemple and

Mr. Wertheim's address and telephone number are as follows:

Mark D. Kemple
Michael A. Wertheim
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone:     (310) 586-7700
Facsimile:     (310) 586-7800
Emails: kemplem@gtlaw.com, wertheimm@gtlaw.com

Please serve said counsel with all pleadings and notices in this action.

                                        Respectfully submitted,

DATED:  August 17, 2020              GREENBERG TRAURIG, LLP


                        By      /s/ Mark D. Kemple
                                Mark D. Kemple
                                Michael A. Wertheim
                                Attorneys for Defendant
                                Performance Team Holdings Inc.

2
NOTICE OF APPEARANCE

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067-2121**.**

On August 17, 2020 I served the **DEFENDANT PERFORMANCE TEAM HOLDINGS INC.'S NOTICE OF APPEARANCE OF COUNSEL MARK D. KEMPLE AND MICHAEL A. WERTHEIM** on the interested parties, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **[BY MAIL]** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐   **[BY OVERNIGHT COURIER]** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of times for delivery by overnight courier. The foregoing sealed envelope was placed for collection and overnight delivery by _____ this date consistent with the ordinary business practice of my employment, so that it will be picked up this date with delivery charges fully prepaid at Los Angeles, California, and delivered the following business day in the ordinary course of business.

☐   **[BY E-MAIL]  [COURTESY]** As a professional courtesy, I emailed the document to the emails listed below.

☒   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 17, 2020 at Los Angeles, California.

*Delilah Phiefer*
_____
Delilah A. Phiefer

3

NOTICE OF APPEARANCE

*ACTIVE 52024828v1*

## <u>SERVICE LIST</u>

| | |
|---|---|
| **BRADLEY /GROMBACHER, LLP**<br>Marcus J. Bradley, Esq.<br>Kiley L. Grombacher, Esq.<br>Lirit A. King, Esq.<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, California 91361<br>Telephone: (805) 270-7100<br>Facsimile: (805) 270-7589<br>mbradley@bradleygrombacher.com<br>kgrombacher@bradleygrombacher.com<br>lking@bradleygrombacher.com | *Attorneys for Plaintiff, TASHAVEA WALKER,*<br>*individually and on behalf of other individuals*<br>*similarly situated* |
| **LAW OFFICES OF SAHAG MAJARIAN** II<br>Sahag Majarian II, Esq.<br>18250 Ventura Boulevard<br>Tarzana, California 91356<br>Telephone: (818) 609-0807<br>Facsimile: (818) 609-0892<br>Email: sahagii@aol.com | *Attorneys for Plaintiff, TASHAVEA WALKER,*<br>*individually and on behalf of other individuals*<br>*similarly situated* |
| CSC-Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | *Attorney for Defendant*<br>*BARRETT BUSINESS SERVICES, INC.* |

4

NOTICE OF APPEARANCE

*ACTIVE 52024828v1*

Superior Court of California
County of Los Angeles
111 North Hill Street
Los Angeles, CA 90012

Receipt No: ST-2020-0313431.1
Payor:         la depositions inc.
Date:          08/18/2020
Time:          2:41 PM

CASE # 20STCV21241
TASHAVEA WALKER vs BARRETT

| | | |
|---|---|---|
| Unlimited Civil- Ans.non-Plaintiff incl. UD-GC70612,70602.5,70602.6 | | 435.00 |
| Complex Civil (each Defendant up to 18k)-Response - GC 70616(b) | | 1,000.00 |
| **Case Total:** | | 1,435.00 |

| | | |
|---|---|---|
| Check #: 383780 | | 1,435.00 |
| null | | |
| **Total Paid:** | | 1,435.00 |
| Change | | 0.00 |

Balance :                    0.00

ORIGINAL

FILED
Superior Court of California
County of Los Angeles

AUG 26 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Maisha Pryor

1  **BRADLEY/GROMBACHER, LLP**
   Marcus J. Bradley, Esq. (SBN 174156)
2  Kiley L. Grombacher, Esq. (SBN 245960)
   Lirit A. King, Esq. (SBN 252521)
3  31365 Oak Crest Drive, Suite 240
   Westlake Village, California 91361
4  Telephone:  (805) 270-7100
   Facsimile:  (805) 270-7589
5  mbradley@bradleygrombacher.com
   kgrombacher@bradleygrombacher.com
6  lking@bradleygrombacher.com
7
   **LAW OFFICES OF SAHAG MAJARIAN II**
8  Sahag Majarian II, Esq. (SBN 146621)
   18250 Ventura Boulevard
9  Tarzana, California   91356
   Telephone: (818) 609-0807
10 Facsimile: (818) 609-0892
   Email: sahagii@aol.com
11
   Attorneys for Plaintiff, TASHAVEA WALKER, individually
12 and on behalf of other individuals similarly situated
13
   [Additional Counsel listed on the following page]
14
                 **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
15
                          **COUNTY OF LOS ANGELES**
16
   TASHAVEA WALKER individually and on      **CASE NO. 20STCV21241**
17 behalf of other individuals similarly situated,
                                            [Assigned for all purposes to the Hon. Amy D.
18              Plaintiff,                   Hogue, Department SS7]
19 v.                                        **JOINT STATUS CONFERENCE
                                            STATEMENT**
20 BARRETT BUSINESS SERVICES, INC., a
   Maryland corporation; STRATEGIC          **Date:  September 1, 2020**
21 STAFFING SOLUTIONS, INC.; a Michigan     **Time:  11:00 a.m.**
   corporation; PERFORMANCE TEAM            **Dept:  SS7**
22 HOLDINGS INC., a California corporation;
   and DOES 1 through 100, inclusive
23                                           Trial Date:  None set
               Defendants.
24
25                                           RECEIVED
26                                           AUG 2 6 2020
27                                           FILING WINDO
28

                                        -1-
                    **JOINT INITIAL STATUS CONFERENCE STATEMENT**

1

**GREENBERG TRAURIG, LLP**
Mark D. Kemple (SBN 145219)
Michael A. Wertheim (SBN 291228)

2

1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121

3

Telephone: 310-586-7724
Fax: 310-586-7800

4

E-mail:kemplem@gtlaw.com
        wertheimm@gtlaw.com

5

6

Attorneys for Performance Team Holdings, Inc.

7

**HIRSCHFELD KRAEMER LLP**
Gregory S. Glazer (SBN 172197)

8

Benjamin J. Treger (SBN 285283)
233 Wilshire Boulevard

9

Suite 600
Santa Monica, CA 90401

10

Telephone: (310) 255-0705
Facsimile: (310) 255-0986

11

12

Attorneys for Barrett Business Services, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

1   Having conferred telephonically, Plaintiff Tashavea Walker ("Plaintiff") and Defendants

2   Barrett Business Services, Inc. ("BBSI") and Performance Team Holdings, Inc. ("Performance

3   Team") ( collectively "Defendants") (hereafter Plaintiff and Defendants are collectively referred

4   to as the "Parties"), by and through their counsel of record, hereby respectfully submit this Joint

5   Initial Status Conference Statement in advance of the September 1, 2020 Initial Status Conference

6   in the above-captioned matter.

7   **I.   GENERAL STATEMENT OF FACTS AND CAUSES OF ACTION**

8   *Plaintiff's Statement:*

9   Plaintiff was employed by Defendants from 2017 until August 2019 as a non-exempt

10   employee working in a warehouse.  She alleges eight causes of action for (1) failure to pay all

11   wages; (2) meal violations; (3) rest break violations; (4) wage statement violations; (5) failure to

12   pay all wages due at termination violations; (6) excessive heat violations; (7) business expenses

13   violations; (8) California Business & Professions Code §§ 17200 *et seq.* Additionally, Plaintiff

14   plans to amend her complaint seeking penalties under the Private Attorneys General Act

15   ("PAGA"), Labor Code §§ 2698-2699 *et seq.*

16   *Defendants' Statement:*

17   Plaintiff filed a putative class action complaint on June 2, 2020, alleging causes of action

18   for: (1) Failure to pay all wages: (2) Short meal breaks in violation of California Labor Code

19   sections 200, 226.7 and 512; (3) Short rest breaks in violation of California Labor Code sections

20   200, 226.7 and 512; (4) Failure to furnish an accurate itemized wage statement upon payment of

21   wages; (5) Failure to Pay all wages owed at termination; (6) Failure to adopt standards that

22   minimize excessive indoor heat; (7) Failure to reimburse expenses; (8) Violations of the Business

23   and Professions Code section 17200 et seq.

24   Plaintiff also claims she filed a notice with the Labor and Workforce Development agency

25   to bring an action under the Private Attorney General Act, although there is no current claim under

26   PAGA in the operative Complaint.  Defendants do not object to amendment of the pleading by

27   Plaintiff to add a PAGA claim, though reserve their right to challenge the sufficiency of the

28   pleading and all defenses to that and other claims.

1   Defendants also contend that Plaintiff executed an enforceable arbitration agreement with

2   defendant BBSI, which contains a class waiver provision that prohibits Plaintiff from proceeding

3   with her individual and class action claims before this Court. Performance Team contends it is a

4   third-party beneficiary to the arbitration agreement. BBSI provided a copy of the arbitration

5   agreement to Plaintiff's counsel in furtherance of the Defendants' efforts to meet and confer about

6   the issue. Defendants may seek to compel arbitration of Plaintiff's claims and strike Plaintiff's

7   class.  Defendants in no way waive their right to enforce the applicable arbitration agreement and

8   class waiver.

9   Defendants posit generally that each of Plaintiff's claims fails on the merits, that it is not

10   properly alleged that Performance Team was in an employment relationship with Plaintiff (or any

11   individual in the alleged putative class) or that Defendants are joint employers, that their practices

12   and policies comply with California law, and generally that the elements of the Labor Code

13   sections that Plaintiff has cited in her pleadings are not amenable to a single common proof across

14   a class of persons, and instead involve individual proof as to what happened to each person, and

15   in each circumstance.  Likewise, Defendants posit that proof of any damage any individual may

16   have suffered as a result of any violation of any of these Labor Code provisions on a particular

17   day and in a particular circumstance, also would not be amenable to a single method of proof, and

18   would instead involve individual proofs for each such person and in each such circumstance.

19   **II.  ADDITIONAL ITEMS AS REQUESTED BY THE COURT**

20   **1.  JUDICIAL RECUSAL OR DISQUALIFICATION**

21   The Parties are currently unaware of any issues regarding judicial recusal or

22   disqualification relevant to this case.

23   **2.  IMPROPERLY NAMED DEFENDANTS**

24   Performance Team contends that it is improperly named as an employer of Plaintiff

25   and/or each member of the putative class as defined in the operative Complaint.

26   **3.  JURISDICTION AND/OR ARBITRATION**

27   As discussed above, Defendants contend that Plaintiff executed a valid and binding

28   arbitration agreement which prohibits Plaintiff from proceeding with her individual and class

-4-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

1  action claims before this Court..

2       **4.     KEY LEGAL AND FACTUAL ISSUES**

3  *Plaintiff's Statement*

4       Plaintiff intends to focus upon class certification as specified below in her discovery plan.

5  *Defendants' Statement*

6       As discussed above, Defendants anticipate that Plaintiff will seek to add a PAGA claim.

7  Though Defendants do not oppose leave to do so, they reserve their right to challenge the pleading

8  of that claims and to assert any defenses they may have to it and other claims asserted in the

9  action.  Further, as noted above, Defendants contend that Plaintiff's claims are subject to an

10 agreement to arbitrate on an individual basis, and cannot proceed on a class basis.  Defendants

11 further contend Plaintiff's allegations are without merit as presently pleaded. However, given

12 Plaintiff's stated desire to file an amended complaint, full scope of potential legal and factual

13 issues is unknown at this time.

14      **5.     EARLY ADJUDICATION MATTERS**

15 *Plaintiff's Statement:*

16      Plaintiff does not anticipate filing any early crucial motions are anticipated at this time;

17 however, she reserves the right to file motions if necessary, including motions for summary

18 judgment or, alternatively, summary adjudication.

19 *Defendants' Statement*

20      Defendant anticipates that Plaintiff will seek to leave to amend to add a PAGA claim.

21 Defendants also anticipate that they will seek to compel this matter – in whole or in part – to

22 individual arbitration, and stay the balance of any claims that are not compelled to arbitration.

23 Defendants reserve their right to file summary judgment, or summary adjudication motions at the

24 appropriate time.

25      **6.     PROCEDURAL ISSUES**

26 *Defendants' Position*

27      Defendants reserve the right to bifurcate class and merits discovery and if the case

28 proceeds before this Court as a putative class action.

-5-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

1      **7.   DISCOVERY PLAN**

2          Plaintiff intends to focus her initial discovery on issues underlying arbitration and class

3  certification, although Plaintiff notes that such discovery will include factual issues touching the

4  merits.  Plaintiff intends to propound discovery regarding, *inter alia*:

5          a)      Policies, practices and procedures regarding arbitration;

6          b)      Policies, practices and procedures regarding payment of wages;

7          c)      Policies, practices and procedures regarding meal periods and rest breaks;

8          d)      Policies, practices and procedures regarding climate control in the warehouse;

9                  and

10         c)      Policies, practices and procedures regarding hours, scheduling, overtime

11                 and minimum wage.

12         Plaintiff intends to propound document requests and interrogatories to Defendant

13  addressed to the subject matter identified above.  Based upon Defendant's responses to Plaintiff's

14  written discovery, Plaintiff intends to depose one or more of Defendant's designated

15  representatives.  Further, Plaintiff intends to send a pre-certification letter to members of the

16  putative class and to conduct interviews of these individuals.

17         Following a ruling on Plaintiff's motion for class certification, Plaintiff intends to pursue

18  such additional discovery as may be necessary, the subject matter and the scope of which will

19  depend upon the ruling by this Court on the motion for class certification.  At that time, Plaintiff

20  believes it is appropriate for the Court and the Parties to discuss appropriate deadlines for the

21  completion of both fact and expert discovery.

22  *Defendants' Position*

23         Due to the stay on this case, the Parties have not engaged in any discovery.  Further,

24  given the uncertainty of the scope of the Complaint, the claims to be asserted, whether this will

25  proceed in individual arbitration, and whether PLaintiff has waived the abililty to seek t proceed

26  on a class basis, Defendants believe it is premature to propose a discovery plan – much less a

27  class discovery plan – before such issues are settled. Defendants believe discovery should not

28  commence until the scope of the action has been determined and answers have been filed.

1  Defendants reserve the right to request to bifurcate any class discovery from merits discovery.

2      **8.   BIFURCATION**

3      The Parties agree that if the case proceeds before this Court, it would make sense to
4  bifurcate class discovery and merits discovery, as well as merits and damages at trial.

5      **9.   EVIDENCE PLAN**

6      As the Parties proceed in discovery, they will meet and confer further regarding a uniform
7  system for identifying documents and the Parties have already initiated litigation holds for the
8  preservation of evidence.

9      **10.   PROTECTIVE ORDER**

10      The Parties anticipate confidential information will be exchanged and a protective order
11  will be necessary. At the appropriate time, the Parties will meet and confer regarding a protective
12  order styled after the model protective order of the Los Angeles Superior Court and will submit
13  same to this Court for approval.

14      **11.   MEDIATION**

15  *Plaintiff's Statement*

16      Plaintiff is amenable to private mediation after initial discovery.

17  *Defendant's Statement:*

18      Defendants believe it is premature to discuss mediation given the pleadings are not yet
19  settled, and the questions surrounding arbitration are not yet settled, but may be willing to consider
20  it at a later time.

21      **12.   INSURANCE COVERAGE**

22      At the present time, neither Plaintiff nor Defendants are aware of any applicable insurance
23  coverage for damages arising from this matter.

24      **13.   SIZE OF PUTATIVE CLASS**

25      This case is at an early stage and Plaintiff is at its initial stages of evaluating the size and
26  scope of the potential class.

27      Defendants are also currently investigating the putative class size and therefore are
28  presently unaware of the putative class size.

-7-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

1    **14.    DEADLINE FOR ADDING AND SERVING NEW PARTIES**

2    The Parties propose a deadline of November 30, 2020 for adding or serving new parties.

3    **15.    E-SERVICE PROVIDER**

4    The Parties agree to use CaseAnywhere as the e-service provider.

5    **16.    RELATED CASES**

6    The Parties are presently unaware of any related cases or cases with overlapping class

7    definitions.

8    **17.    STIPULATION REGARDING CCP § 583.310**

9    Plaintiff is willing to so stipulate. Defendants do not so stipulate at this time.

10    **18.    SERVICE LIST**

11    Counsel for Plaintiff TASHAVEA WALKER on behalf of herself and all others similarly

12    situated (hereinafter "Plaintiff"), is:

13    **BRADLEY/GROMBACHER LLP**
     Marcus J. Bradley, Esq. (SBN 174156)
14    Kiley L. Grombacher, Esq. (SBN 245960)
     Lirit A. King, Esq. (SBN 252521)
15    31365 Oak Crest Drive, Suite 240
     Westlake Village, California 91361
16    Telephone:    (805) 270-7100
     Facsimile:    (805) 270-7589
17    mbradley@bradleygrombacher.com
     kgrombacher@bradleygrombacher.com
18    lking@bradleygrombacher.com

19

20

21    Counsel for Defendant Performance Team is:

22    **GREENBERG TRAURIG, LLP**
     Mark D. Kemple (SBN 145219)
23    Michael A. Wertheim (SBN 291228)
     1840 Century Park East, Suite 1900
24    Los Angeles, CA 90067-2121
     Telephone: 310-586-7724
25    Fax: 310-586-7800
     E-mail:kemplem@gtlaw.com
26        wertheimm@gtlaw.com

27

28

-8-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

Counsel for Defendant BBSI is:

**HIRSCHFELD KRAEMER LLP**
Gregory S. Glazer (SBN 172197)
Benjamin J. Treger (SBN 285283)
233 Wilshire Boulevard
Suite 600
Santa Monica, CA 90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

### 19.     TIMELINE FOR CASE MANAGEMENT

*Plaintiff's Statement*

Plaintiff proposes the next CMC be held in 120 days after some discovery has been conducted.   The deadline to move for class certification should be set at the next CMC.

*Defendants' Statement:*

Defendants contend that discovery should not be allowed to commence until after the pleading issues have been resolved, and questions regarding the arbitration agreement have ben resolved, and if applicable, the operative complaint has been answered. Plaintiff must be able to factually articulate a claim for relief before engaging in discovery.

As stated above, given the outstanding issues of arbitration and class action waiver, and a potential amendment to the Complaint to add a PAGA cause of action, Defendants request that a status conference be continued for at least 90 days to allow Plaintiff sufficient time to evaluate whether amendment of the Complaint is necessary, and to further the Parties' discussions regarding the above described matters, after which discussions regarding a timeline for discovery, potential mediation, and other key motions will be more productive.

DATED:  August 25, 2020                  **BRADLEY/GROMBACHER, LLP**

By: _____
                  Marcus J. Bradley, Esq.
                  Kiley L. Grombacher, Esq.
                  Lirit A. King, Esq.

                  Attorneys for Plaintiff

-9-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  August 25, 2020

**GREENBERG TRAURIG**

By: _____

Mark D. Kemple
Michael A. Wertheim

Attorneys for Defendant Performance Team
Holdings, Inc.

DATED:  August 25, 2020

**HIRSCHFELD KRAEMER LLP**

By: _____

Gregory S. Glazer
Benjamin J. Treger

Attorneys for Defendant Barrett Business
Services, Inc.

-10-
**JOINT INITIAL STATUS CONFERENCE STATEMENT**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 7

20STCV21241                                                    September 1, 2020
TASHAVEA WALKER vs BARRETT BUSINESS SERVICES,                     11:00 AM
INC., et al.

Judge: Honorable Amy D. Hogue          CSR: None
Judicial Assistant: D. Wortham         ERM: None
Courtroom Assistant: T. Bivins         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Marcus Joseph Bradley (Telephonic)

For Defendant(s): Mark David Kemple (Telephonic); Benjamin Joseph Treger (Telephonic)

**NATURE OF PROCEEDINGS:** Initial Status Conference

The matter is called for hearing.

Having read and considered the "Declaration of Marcus J. Bradley Re: Dismissal of Defendant
Strategic Staffing Solutions, Inc. a Michigan Corporation [C.R.C. Rule 3.770]," filed
07/02/2020, the Court orders defendant Strategic Staffing Solutions, Inc. dismissed without
prejudice.

The Court has read and considered the "Joint Status Conference Statement," filed 08/26/2020.

Plaintiff requests leave to amend the Complaint to add PAGA.

The Court grants plaintiff fifteen (15) days leave to amend.

Order to Show Cause Re: Dismissal of Class Claims is scheduled for 09/21/2020 at 10:00 AM in
Department 7 at Spring Street Courthouse.

Non-Appearance Case Review Re Dismissal of Class Claims is scheduled for 09/25/2020 at
10:00 AM in Department 7 at Spring Street Courthouse.

All stays remain in place.

Notice is waived.

---

Minute Order                                                    Page 1 of 1

ORIGINAL

1  GREGORY S. GLAZER (SBN 172197)
   BENJAMIN J. TREGER (SBN 285283)
2  HIRSCHFELD KRAEMER LLP
   233 Wilshire Boulevard
3  Suite 600
   Santa Monica, CA 90401
4  Telephone: (310) 255-0705
   Facsimile: (310) 255-0986
5
   Attorneys for Defendant
6  BARRETT BUSINESS SERVICES, INC.

**FILED**
Superior Court of California
County of Los Angeles

SEP 01 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____S. DREW_____ Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  TASHAVEA WALKER individually and<br>on behalf of other individuals similarly<br>12  situated,<br><br>13              Plaintiff,<br><br>14  vs.<br><br>15  BARRETT BUSINESS SERVICES, INC.,<br>a Maryland corporation; STRATEGIC<br>16  STAFFING SOLUTIONS, INC.; a<br>Michigan corporation; PERFORMANCE<br>17  TEAM HOLDINGS INC., a California<br>corporation; and DOES 1 through 100,<br>18  inclusive,<br><br>19              Defendants. | CASE NO. 20STCV21241<br><br>Hon. Amy D. Hogue - Dept. 7<br><br>**NOTICE OF APPEARANCE BY<br>DEFENDANT BARRETT BUSINESS<br>SERVICES, INC.**<br><br><br><br>Complaint Filed: June 2, 2020 |

20

21          TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that, pursuant to the Court's Order of June 22, 2020, 2019,

23  Defendant, BARRETT BUSINESS SERVICES, INC. ("BBSI"), by and through its attorneys,

24  does hereby appear in this case.

25          Pursuant to the Court's Order, this Notice of Appearance shall not constitute a waiver of

26  any substantive or procedural challenge to Plaintiffs' Complaint, including but not limited to any

27  demurrer or motion to strike Plaintiffs' Complaint. BBSI specifically does not waive any such

28

4822-7343-0472

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

09/01/2020

BY FAX

1   rights by virtue of this Court-ordered notice.

2

3   Dated:  August 31, 2020                                    HIRSCHFELD KRAEMER LLP

4

5                                                        By: _Benjamin J. Treger_____
6                                                              Gregory S. Glazer
                                                             Benjamin J. Treger
7                                                       Attorneys for Defendant
                                                        BARRETT BUSINESS SERVICES, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                            2

Exhibit C, Page 133

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

09/01/2020

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On **August 31, 2020**, I served the following document(s) by the method indicated below:

**NOTICE OF APPEARANCE BY DEFENDANT BARRETT BUSINESS SERVICES, INC.**

☒ *BY E-MAIL. Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) on the attached service list.*

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On August 31, 2020, I caused to be served via messenger the above-listed documents.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Lirit A. King, Esq.
BRADLEY/GROMBACHER, LLP
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
Email: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com
        lking@bradleygrombacher.com

Sahag Majarian II, Esq.
LAW OFFICES OF
SAHAG MAJARIAN II
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for *Plaintiff, TASHAVEA WALKER*, individually and on behalf of other individuals similarly situated

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 31, 2020**, at Santa Monica, California.

_____
*Mayra L. Vera*

3

NOTICE OF APPEARANCE BY DEFENDANT BARRETT BUSINESS SERVICES, INC.
CASE NO.  20STCV21241